**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Avenger Flight Group Topco, LLC, | ) | Case No. 26-10182 (   ) |
| Debtor. | ) | |
| Tax I.D. No. 99-4135643 | ) | |
| In re: | ) | Chapter 11 |
| Avenger Flight Group, LLC, | ) | Case No. 26-10183 (   ) |
| Debtor. | ) | |
| Tax I.D. No. 46-1371216 | ) | |
| In re: | ) | Chapter 11 |
| AFG Dallas III, LLC, | ) | Case No. 26-10184 (   ) |
| Debtor. | ) | |
| Tax I.D. No. 85-1245615 | ) | |
| In re: | ) | Chapter 11 |
| AFG Dallas IV, LLC, | ) | Case No. 26-10185 (   ) |
| Debtor. | ) | |
| Tax I.D. No. 87-1435558 | ) | |
| In re: | ) | Chapter 11 |
| AFG Dallas, LLC, | ) | Case No. 26-10186 (   ) |
| Debtor. | ) | |
| Tax I.D. No. 81-2473418 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AFG EU Operations Corp., | ) | Case No. 26-10187 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 93-2799406 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AFG FLL, LLC, | ) | Case No. 26-10188 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 92-1346470 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AFG Latam Holding Corp., | ) | Case No. 26-10189 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-0606475 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AFG Latam Sim Holdings II, LLC, | ) | Case No. 26-10190 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-3470473 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AFG Latam Sim Holdings III, LLC, | ) | Case No. 26-10191 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4262592 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AFG Latam Sim Holdings IV, LLC, | ) | Case No. 26-10192 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4500093 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AFG Latam Sim Holdings, LLC, | ) | Case No. 26-10193 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-0606475 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AFG Latam, LLC, | ) | Case No. 26-10194 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-4819545 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AFG Mexico Corp., | ) | Case No. 26-10195 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 84-2731402 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AFG Orlando, LLC, | ) | Case No. 26-10196 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-1558409 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AFG Sanford, LLC, | ) | Case No. 26-10197 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-3226661 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AFG Sim Holding Corp., | ) | Case No. 26-10198 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 84-2483325 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Avenger Flight Group Europe, Corp., | ) | Case No. 26-10199 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4375908 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Avenger Flight Training, LLC , | ) | Case No. 26-10200 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-1735640 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Avenger Flight Group Mexico II, S. de R.L. de C.V., | ) | Case No. 26-10201 ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |

|  | ) |  |
| --- | --- | --- |
| In re: | ) | Chapter 11 |
|  | ) |  |
| Papi Flight Training, LLC, | ) | Case No. 26-10202 (   ) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 46-3866206 | ) |  |

**DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") for the entry an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases (the "Chapter 11 Cases") for procedural purposes only. In support of this Motion, the Debtors rely upon and refer this Court to the *Declaration of Lawrence Perkins in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), incorporated herein by reference.[1] In further support of the Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States

---

[1] A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

4937-3564-0695.9 05863.00001

Constitution. The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

**General Background**

4. On the date hereof (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases, and no committees have been appointed or designated.

5. Avenger Flight Group, LLC ("AFG LLC") and its affiliates (collectively, "Avenger" or the "Company") is a global leader in the commercial aviation simulation and training business. Avenger provides a full suite of advanced flight simulator training solutions to their customers, which include blue-chip passenger airlines, regional airlines, charter operators, and training operators. As of the Petition Date, the Company owns, operates or services 50 full-flight simulators and 15 flight training devices across 11 training centers in 4 countries.

6. A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the First Day Declaration.

**Relief Requested**

7. By this Motion, the Debtors seek entry of an order authorizing and directing the joint administration of the Chapter 11 Cases and the consolidation thereof for procedural purposes only. The Debtors also request that the caption of the Chapter 11 Cases be modified to reflect their joint administration as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AVENGER FLIGHT GROUP, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-10183 (___)<br><br>(Jointly Administered) |

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Avenger Flight Group, LLC (1216); AFG Dallas III, LLC (5615); AFG Dallas IV, LLC (5558); AFG Dallas, LLC (3418); AFG EU Operations Corp. (9406); AFG FLL, LLC (6470); AFG Latam Holding Corp.(6475) ; AFG Latam Sim Holdings II, LLC (0473); AFG Latam Sim Holdings III, LLC (2592); AFG Latam Sim Holdings IV, LLC (0093); AFG Latam Sim Holdings, LLC (6475); AFG Latam, LLC (9545); AFG Mexico Corp. (1402); AFG Orlando, LLC (8409); AFG Sanford, LLC (6661); AFG Sim Holding Corp. (3325); Avenger Flight Group Europe, Corp. (5908); Avenger Flight Group Topco, LLC (5643); Avenger Flight Training, LLC (5640); Avenger Flight Group Mexico II, S. de R.L. de C.V, (N/A); and Papi Flight Training, LLC (6206). The location of the Debtors' corporate headquarters and the Debtors' service address is Avenger Flight Group LLC, 1450 Lee Wagener Blvd., Fort Lauderdale, FL 33315.

8. In addition, the Debtors request that the Court direct the Clerk of this Court (the "Clerk") to make a notation substantially similar to the following on the docket of each Debtor:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. The docket in Case No. 26-10183 ( ) should be consulted for all matters affecting these cases, and all further pleadings and other papers shall be filed in and all further docket entries shall be made in such case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: Avenger Flight Group Topco, LLC, Case No. 26- 10182 ( ); Avenger Flight Group, LLC, Case No. 26- 10183 ( ); AFG Dallas III, LLC, Case No. 26- 10184 ( ); AFG Dallas IV, LLC, Case No. 26-10185 ( ); AFG Dallas, LLC, Case No. 26-10186 ( ); AFG EU Operations Corp., Case No. 26-10187 ( ); AFG FLL, LLC, Case No. 26-10188 ( ); AFG Latam Holding Corp., Case No. 26- 10189 ( ); AFG Latam Sim Holdings II, LLC, Case No. 26-10190 ( ); AFG Latam Sim Holdings III, LLC, Case No. 26-10191 ( ); AFG Latam Sim Holdings IV, LLC, Case No. 26-10192 ( ); AFG Latam

7

Sim Holdings, LLC, Case No. 26-10193 (  ); AFG Latam, LLC, Case No. 26-10194 (  ); AFG Mexico Corp., Case No. 26-10195 (  ); AFG Orlando, LLC, Case No. 26-10196 (  )]; AFG Sanford, LLC, Case No. 26-10197 (  ); AFG Sim Holding Corp., Case No. 26-10198 (  ); Avenger Flight Group Europe, Corp., Case No. 26-10199 (  ); Avenger Flight Training, LLC, Case No. 26-10200 (  ); Avenger Flight Group Mexico II, S. de R.L. de C.V., Case No. 26-10201 (  ); and Papi Flight Training, LLC, Case No. 26-10202 (  ).

9. Finally, the Debtors also request that the Court permit use of a combined service list and correspondingly combined notices.

### Basis for Relief

10. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code. Thus the Court is authorized to consolidate the Debtors' cases for procedural purposes.

11. Local Rule 1015-1 provides additional authority for the Court to order joint administration of the Chapter 11 Cases:

> The Court may order joint administration of related cases pending in this Court without notice and an opportunity for hearing on a motion supported by an affidavit, declaration, or verification establishing that joint administration of the cases is warranted and will ease the administrative burden for the Court and the parties. A joint administration order entered under this Local Rule (i) is procedural only and does not substantively consolidate the debtors' estates and (ii) may be reconsidered on motion of a party in interest at any time.

Del. Bankr. L.R. 1015-1.

12. The First Day Declaration establishes that joint administration of the Debtors' cases is warranted because it will ease the administrative burden on the Court and all parties in interest. Joint administration of the Debtors' cases will eliminate the need for duplicate

4937-3564-0695.9 05863.00001

pleadings, notices, and orders on each of the respective dockets and will save the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents. Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases. Therefore, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

13. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only procedural and not substantive consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested. Instead, parties in interest will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases. Accordingly, the Debtors submit that the joint administration of the Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

14. Finally, the Debtors submit that use of the simplified caption, without reference to the Debtors' full tax identification numbers, addresses, and previous names, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification. Other case-specific information will be listed in the petitions for the respective Debtors, and such petitions are publicly available and will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.[2]

---

[2] See 11 U.S.C. § 342(c)(1) (setting forth the information to be included in a notice required to be given by a debtor to a creditor); Fed. R. Bankr. P. 1005 (setting forth the requirements for the caption of a petition commencing a case under the Bankruptcy Code); Fed. R. Bankr. P. 2002(n) (providing that the caption of a notice under Bankruptcy Rule 2002 must comply with Bankruptcy Rule 1005, and providing that the caption of a notice required to be given by a debtor to a creditor must include the information set forth in section 342(c) of the Bankruptcy Code).

**Notice**

15.     The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Debtors' secured creditors; (d) the United States Attorney's Office for the District of Delaware; (e) the state attorneys general for all states in which the Debtors conduct business; and (f) any party that requests service pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).

**No Prior Request**

16.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

*[Remainder of Page Intentionally Blank]*

4937-3564-0695.9 05863.00001

**Conclusion**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing and directing the joint administration of the Debtors' cases for procedural purposes only; (b) directing the Clerk to make the docket entries set forth herein; and (c) granting such other and further relief as is just and proper.

Dated: February 11, 2026    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Mary F. Caloway*
Richard M. Pachulski, Esq. (*pro hac vice* forthcoming)
Mary F. Caloway, Esq. (DE Bar No. 3059)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone:   (302) 652-4100
Facsimile:    (302) 652 4400
Email:        rpachulski@pszjlaw.com
              mcaloway@pszjlaw.com

- and -

Gregory V. Demo, Esq. (*pro hac vice* forthcoming)
Cia H. Mackle, Esq. (*pro hac vice* forthcoming)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:   (212) 561-7700
Facsimile:    (212) 561-7777
Email:        gdemo@pszjlaw.com
              cmackle@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*