# EXHIBIT B

**Proposed Final Order**

4920-2515-4938.4 05863.00001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AVENGER FLIGHT GROUP, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-10183 (   )<br><br>(Joint Administration Pending)<br><br>Related Docket No. [   ] |

**<u>FINAL</u> ORDER (I) APPROVING PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES; (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES; (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for the entry of a final order (this "<u>Final Order</u>"), pursuant to sections 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004: (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of the Chapter 11 Cases or any outstanding prepetition debts; and (iv) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Avenger Flight Group, LLC (1216); AFG Dallas III, LLC (5615); AFG Dallas IV, LLC (5558); AFG Dallas, LLC (3418); AFG EU Operations Corp. (9406); AFG FLL, LLC (6470); AFG Latam Holding Corp. (6475); AFG Latam Sim Holdings II, LLC (0473); AFG Latam Sim Holdings III, LLC (2592); AFG Latam Sim Holdings IV, LLC (0093); AFG Latam Sim Holdings, LLC (6475); AFG Latam, LLC (9545); AFG Mexico Corp. (1402); AFG Orlando, LLC (8409); AFG Sanford, LLC (6661); AFG Sim Holding Corp. (3325); Avenger Flight Group Europe, Corp. (5908); Avenger Flight Group Topco, LLC (5643); Avenger Flight Training, LLC (5640); Avenger Flight Group Mexico II, S. de R.L. de C.V, (N/A); and Papi Flight Training, LLC (6206). The location of the Debtors' corporate headquarters and the Debtors' service address is Avenger Flight Group LLC, 1450 Lee Wagener Blvd., Fort Lauderdale, FL 33315.

[2] A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3. Subject to compliance with the procedures set forth in the Motion and this Final Order, the Proposed Adequate Assurance shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code for all utility providers that have received notice and for whose benefit Adequate Assurance Deposits are being made.

4. Subject to compliance with the procedures set forth in the Motion and this Final Order, all utility providers that have received notice, and for whose benefit Adequate Assurance Deposits are being made, are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed

Adequate Assurance, and all such utility providers are deemed to have received adequate assurance of payment in accordance with section 366 of the Bankruptcy Code.

5. The following Adequate Assurance Procedures are hereby approved:

   a. The Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $41,311.15, in the Adequate Assurance Account as soon as reasonably practicable after entry of this Final Order or the interim order approving the debtor-in-possession financing, whichever is later, but in no event later than 20 days after entry of this Final Order. For the avoidance of doubt, the Adequate Assurance Account shall be maintained in an account subject to a Uniform Depository Agreement.

   b. Each Utility Company shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Services List, attached as Exhibit C to the Motion.

   c. If an amount relating to Utility Services provided postpetition by any Utility Company is unpaid and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Adequate Assurance Account up to the amount applicable to each such Utility Company by giving notice to: (i) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Richard M. Pachulski (rpachulski@pszjlaw.com), Mary F. Caloway (mcaloway@pszjlaw.com), and Andrea T. Bates (abates@pszjlaw.com); (ii) the Office of The United States Trustee, 844 King Street Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jonathan W. Lipshie (Jon.Lipshie@usdoj.gov); (iii) counsel to the DIP Lenders and the Prepetition Secured Lenders, (a) Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn: David M. Hillman (dhillman@proskauer.com) and Matthew R. Koch (mkoch@proskauer.com)), and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801 (Attn: Matthew B. McGuire (mcguire@lrclaw.com)); (iv) counsel to the DIP Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016 (Attn: William Hao (william.hao@alston.com) and Dylan S. Cassidy (dylan.cassidy@alston.com); and (v) counsel for any official committee of unsecured creditors appointed in the Chapter 11 Cases (collectively, the "Notice Parties"). The Debtors shall honor such request within ten business days after the date the request is actually received by the Debtors, if undisputed, subject to the ability of the Debtors and any such requesting Utility Company to resolve any dispute regarding such request without further order of the Court. To the extent any Utility Company receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

   d. Within two days after entry of the Final Order, the Debtors will mail a copy of the Motion and Final Order to the Utility Companies.

 e. Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve an Adequate Assurance Request on the Notice Parties.

 f. Any Adequate Assurance Request must:  (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) summarize the Debtors' payment history relevant to the affected account(s); (iv) certify the amount that is equal to one-half of the monthly cost of the Utility Services the Utility Company supplies to the Debtors, calculated as a historical average over the 12-month period ended November 30, 2025; (v) certify whether the Utility Company holds a prepetition deposit and, if so, (1) the amount of the deposit and (2) any pre-petition amount(s) allegedly outstanding; (vi) provide evidence that the Debtors have a direct obligation to the Utility Company; and (vii) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

 g. Unless a Utility Company files and serves an Adequate Assurance Request, the Utility Company shall be:  (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

 h. Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall promptly negotiate with the Utility Company to resolve the Utility Company's Adequate Assurance Request.

 i. The Debtors may, without further order from the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including but not limited to cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

 j. If the Debtors and the Utility Company are unable to reach a consensual resolution within 21 days of receipt of an Adequate Assurance Request, or if a Utility Company was omitted from the Utility Services List and wishes to dispute that they received adequate assurance of future payment as required by section 366 of the Bankruptcy Code as provided by this Final Order, the Debtors, in consultation with the Utility Company, will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to that particular Utility Company (a "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code.

 k. Pending resolution of such dispute at a Determination Hearing, the relevant Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of:  (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

l.     The portion of the Adequate Assurance Deposit attributable to each Utility Company, including any additional amount deposited upon request of any applicable Utility Company or any portion thereof, shall revert to the Debtors less any amounts owed on account of unpaid postpetition Utility Services, by no later than five business days following the earlier of the date upon which (i) the Debtors reconcile and pay the Utility Company's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Company, (ii) the closing of a sale of all or substantially all of the Debtors' assets; or (iii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

6.     All utility providers that have received notice, and for whose benefit Adequate Assurance Deposits are being made, are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7.     The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

8.     The Debtors are authorized to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies, and this Final Order shall apply to any Utility Company that is added to the Utility Services List upon such Utility Company being added to the Utility Services List and being served with this Final Order.  The Debtors shall serve a copy of this Final Order upon any Utility Company added to the Utility Services List.

9.     The Debtors shall increase the amount of the Utility Deposit if an additional Utility Company is added to the Utility Services List by an amount equal to two (2) weeks of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the twelve (12) months prior to the Petition Date.

10.     The Debtors may terminate the services of any Utility Company and amend the Utility Services List to reflect such termination.  The Debtors are authorized to reduce the Utility Deposit by the amount held on

account of such terminated Utility Company upon seven (7) days' notice of such reduction and having not received a response thereto by such deadline.

11.     The relief granted herein is applicable to all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

12.     This Final Order is without prejudice to any party's rights to contest any amount owed to a Utility Company. Nothing in this Final Order or the Motion shall be deemed to constitute postpetition assumption of any agreement under section 365 of the Bankruptcy Code.

13.     Nothing contained in the Motion, the Interim Order, or this Final Order, nor any payment made pursuant to the authority granted by the Interim Order or this Final Order, is intended to be or shall be construed as:  (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

14.     Subject to the Approved Budget (as defined in the *Interim Order (I) Authorizing the Debtors to Obtain Senior Secured Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* (the "<u>Interim DIP Order</u>") or the Final Order (as defined in the Interim DIP Order), as applicable), the Debtors are authorized, but not directed, to pay the amounts authorized herein.

15.     Nothing in this Final Order affects or otherwise impairs the rights of Utility Service Providers with regards to prepetition security deposits under 11 U.S.C. § 366(c)(4).

16. Under the circumstances of the Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

17. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

18. This Court retains jurisdiction to enforce and implement the terms and provisions of this Final Order and the Adequate Assurance Procedures and retains jurisdiction over any disputes with respect thereto.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.