**EXHIBIT A**

**Proposed Interim Order**

4916-5008-9337.5 05863.00001

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AVENGER FLIGHT GROUP, LLC, *et al.*,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 26-10183 (   )<br><br>(Joint Administration Pending)<br><br>**Related Docket No.** |

**INTERIM ORDER (I) AUTHORIZING, BUT NOT
DIRECTING, THE DEBTORS TO (A) PAY PREPETITION
EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION,
AND REIMBURSABLE EMPLOYEE EXPENSES AND (B) CONTINUE
EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order (this "Interim Order"): (a) authorizing, but not directing, the Debtors to (i) pay certain prepetition employee wages, salaries, other compensation, reimbursable employee expenses, and (ii) continue employee benefits programs in the ordinary course, including payment of certain prepetition obligations related thereto; (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Avenger Flight Group, LLC (1216); AFG Dallas III, LLC (5615); AFG Dallas IV, LLC (5558); AFG Dallas, LLC (3418); AFG EU Operations Corp. (9406); AFG FLL, LLC (6470); AFG Latam Holding Corp. (6475); AFG Latam Sim Holdings II, LLC (0473); AFG Latam Sim Holdings III, LLC (2592); AFG Latam Sim Holdings IV, LLC (0093); AFG Latam Sim Holdings, LLC (6475); AFG Latam, LLC (9545); AFG Mexico Corp. (1402); AFG Orlando, LLC (8409); AFG Sanford, LLC (6661); AFG Sim Holding Corp. (3325); Avenger Flight Group Europe, Corp. (5908); Avenger Flight Group Topco, LLC (5643); Avenger Flight Training, LLC (5640); Avenger Flight Group Mexico II, S. de R.L. de C.V, (N/A); and Papi Flight Training, LLC (6206). The location of the Debtors' corporate headquarters and the Debtors' service address is Avenger Flight Group LLC, 1450 Lee Wagener Blvd., Fort Lauderdale, FL  33315.

[2] A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

4916-5008-9337.5 05863.00001

Declaration; and upon the Debtors' representation that the amounts authorized to be paid on account of the Employee Compensation and Benefits are consistent with the Debtors' debtor in possession financing budget; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2026, at __:__ _.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed with the Court and served so as to be received by the following parties, **by no later than 4:00 p.m., prevailing Eastern Time, on _____, 2026**: (i) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Richard M. Pachulski, Esq.

(rpachulski@pszjlaw.com) and Mary F. Caloway (mcaloway@pszjlaw.com); (ii) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jon Lipshie, Esq. (jon.lipshie@usdoj.gov); (iii) counsel to the DIP Lenders, (a) Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn: David M. Hillman (dhillman@proskauer.com) and Matthew R. Koch (mkoch@proskauer.com)), and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801 (Attn: Matthew B. McGuire (mcguire@lrclaw.com)); (iv) counsel to the DIP Agent, (a) Alston & Bird LLP, 90 Park Avenue, New York, New York 10016 (Attn: William Hao (william.hao@alston.com) and Dylan S. Cassidy (dylan.cassidy@alston.com); and (v) counsel for any official committee of unsecured creditors appointed in the Chapter 11 Cases.  In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. Subject to the Approved Budget (as defined in the *Interim Order (I) Authorizing the Debtors to Obtain Senior Secured Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief*) (the "Interim DIP Order") or the Final Order (as defined in the Interim DIP Order), as applicable), the Debtors are authorized, but not directed, after consultation with the DIP Agent, to:  (a) continue, modify, change, and discontinue the Employee Compensation and Benefits in the ordinary course of business during these Chapter 11 Cases and without the need for further Court approval, subject to applicable law, and (b) pay and honor prepetition amounts outstanding under or related to the Employee Compensation and Benefits Programs in the ordinary course of business, up to the amounts set forth in paragraph 4 of this

Interim Order; *provided* that pending entry of the Final Order, the Debtors shall not honor any Employee Compensation and Benefits obligations that exceed the priority amounts set forth in sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code; provided, further that if the Debtors take any action authorized by this paragraph 3 that is not in accordance with practices and procedures that were in effect before the commencement of these Chapter 11 Cases, the Debtors shall not take any such action without prior written consent of the DIP Agent.

4. Nothing herein shall be deemed to (1) authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the Bankruptcy Code; or (2) authorize the Debtors to cash out unpaid vacation/leave time except upon termination of an employee if applicable state law requires such payment.

5. Notwithstanding anything to the contrary herein, pending entry of the Final Order, the Debtors are authorized, but not directed, after consultation with the DIP Agent, and subject to the Approved Budget, to pay, remit, or reimburse, as applicable, not more than an aggregate amount of $549,000 for the following obligations:

| Employee Obligation | Interim Amount |
|---|---|
| Unpaid Compensation (Gross wages) | $315,000 |
| Withholding Obligations [1] | $105,000 |
| Payroll Processing Fees | $3,000 |
| Reimbursable Expenses | $50,000 |
| Independent Contractors | $10,000 |
| **Employee Compensation** | **$483,000** |
| Health Benefit Plans [2] | $59,000 |
| Life and AD&D Insurance | N/A |
| 401(k) Plan [3] | $7,000 |
| Miscellaneous Benefits | N/A |
| **Employee Benefits Programs** | **$66,000** |
| **Total** | **$549,000** |

| Employee Obligation | Interim Amount |
|---|---|
| (4) Represents Employer portion of Withholding Obligations. | |
| (5) Represents Employer funded portion of Health Benefits Plans. | |
| (6) Represents Employer matching portion of 401(k) Plan and associated fees to administer 401(k) Plan. | |

6. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized, but not directed, to continue the Workers' Compensation Program in the ordinary course. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

7. The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

8. The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

9. Nothing herein shall be deemed to authorize the payment of any amounts which violates or implicates section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

10. Nothing contained in this Interim Order shall be construed to accelerate payments that are not otherwise due and payable.

11. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the

validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Interim Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Interim Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

12. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

13. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits Programs.

14. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.